UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

Plaintiff,

v. Case No. 02-cr-104-pp

EDDIE BUNCH,

Defendant.

---

**ORDER DENYING DEFENDANT'S *PRO SE* MOTION OF SENTENCE REDUCTION UNDER 18 U.S.C. §3582(c)(1)(A) (COMPASSIONATE RELEASE) (DKT. NO. 54)**

---

On December 4, 2002, the parties filed a plea agreement between the government and defendant Eddie Bunch. Dkt. No. 33. The agreement recounted that the defendant had been charged in a ten-count indictment charging him with violations of 18 U.S.C. §§2113(a) and (d) (bank robbery by force, threat or intimidation and bank robbery involving assault or use of a dangerous weapon, respectively) and §924(c) (using, carrying or possessing a firearm in furtherance of a crime of violence). Id. at ¶2. The agreement stated that the defendant had agreed to plead guilty to one count of bank robbery of the Equitable Bank on West Capitol Drive in Brookfield (Count One), one count of bank robbery of the North Shore Bank on East Green Tree Road in Fox Point (Count Three), one count of using and carrying a rifle during and in relation to the North Shore Bank robbery (Count Four), one count of bank robbery of the Mutual Savings Bank on West Brown Deer Road (Count Five), one count of the bank robbery of the Mutual Savings Bank on West Oklahoma Avenue (Count

Six), one count of bank robbery of the Wauwatosa Credit Union on North 68th Street (Count Seven), one count of bank robbery of the North Shore Bank on West Wisconsin Avenue in Pewaukee (Count Eight) and one count of bank robbery of the First National Bank on South Packer Drive (Count Nine). Id. at ¶4. In sum, the defendant pled guilty to committing six armed bank robberies and one §924(c) count. The plea agreement explained that the §924(c) count carried a mandatory minimum sentence of ten years, to run consecutively to any other sentence imposed. Id. at ¶6. The plaintiff entered his plea before Judge Charles N. Clevert, Jr. the same day the plea agreement was filed. Dkt. No. 37.

On March 19, 2003, Judge Clevert sentenced the defendant to serve a term of 311 months (twenty-five years and eleven months) on each of the armed robbery counts, to run concurrently with each other and with two of the defendant's state-court cases, and ten years on the §924(c) charge, to run consecutively to the sentences imposed on the bank robbery charges, for a total sentence of 431 months (thirty-five years and eleven months). Dkt. No. 40.

On January 12, 2026, the defendant—representing himself—filed a motion asking the court to reduce his sentence under 18 U.S.C. §3582(c), known as a compassionate release motion. Dkt. No. 54. He asks the court to vacate his §924(c) conviction, which he says will "force" the Bureau of Prisons to give him First Step Act credits. Id. at 2. He mentions §1951(a)(2), USSG §§4B1.1 and 4B1.2 and the Hobbs Act. He says that he has been "charged with 18 U.S.C. 1951(a)(2) and U.S.C. §924(c)(2)." Id. The defendant says that he is

not asking the court to overturn his conviction, but merely to consider revising his sentence in light of a Supreme Court ruling. Id. As best the court can tell, the Supreme Court ruling to which the defendant refers is United States v. Davis, 588 U.S. 445 (2019), in which the United States Supreme Court held that the residual clause of 18 U.S.C. §924(c) was unconstitutionally vague. The defendant also references a case called "Taylor;" the court believes he means Taylor v. United States, 596 U.S. 845 (2022), in which the Supreme Court held that attempted Hobbs Act robbery in violation of 18 U.S.C. §1951 did not constitute a predicate offense for a §924(c) conviction.

The defendant says that his convictions "were predicated on [attempt/conspiracy to commit Hobbs Act robbery/Hobbs Act as charged in Count One, Three, five, six, seven, eight, and nine of §924(c)(2)," and asserts that the government and the Bureau of Prisons are violating the Supreme Court's rulings in Davis and Taylor. Id. at 3. He says that the BOP should respect the Supreme Court's ruling and give him First Step Act credits. Id.

The defendant also attached to his motion several certificates of program completion, his sentence monitoring computation data, the compassionate release motion he filed with the warden of his facility and his individualized needs plan from the BOP. Dkt. No. 54-2. And on September 11, 2026, the court received from the defendant a letter, asking about the status of his motion and describing to the court all the efforts he has made at rehabilitation over the twenty-five years he has spent in custody. Dkt. No. 60. He asks the court to give him a chance to prove that he will be a success story when he is released.

There is a two-step motion governing compassionate release. At step one, the defendant must present an "extraordinary and compelling reason warranting a sentence reduction." United States v. Thacker, 4 F.4th 569, 579 (7th Cir. 2021). If the court finds that the defendant has supplied such a reason, the court considers any applicable sentencing factors in 18 U.S.C. §3553(a) in determining whether to grant a sentence reduction and in deciding the amount of the reduction. Id. Because he is the one asking for a sentence reduction, the defendant bears the burden of establishing extraordinary and compelling reasons that warrant a sentence reduction. United States v. Newton, 996 F.3d 485, 488 (7th Cir. 2021).

Section 3582(c)(1) of Title 18 establishes a default rule that the district court "may not modify a term of imprisonment once it has been imposed," with only limited exceptions. At issue here is the co-called "compassionate release" provision, which authorizes the court to grant a sentence reduction if the court finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. §3582(c)(1)(A)(i). United States Sentencing Guideline section 1B1.13(b) lists some of those "extraordinary and compelling reasons," such as when a defendant is suffering from a terminal illness or a serious medical condition, or is of an advanced age, or has suffered the death or incapacitation of the sole caregiver for his spouse or minor children. One such "extraordinary and compelling reason" can be found in §1B1.13(b)(6):

> UNUSUALLY LONG SENTENCE.—If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be

> considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. §1B1.13(b)(6) (2025 ed.)

The defendant did not cite Sentencing Guideline §1B1.13(b)(6) in his motion, and he has not argued that he is serving an "unusually long sentence." Even if he had, the changes in the law he has identified do not apply to him.

The petitioner was not charged with, and did not plead guilty to, Hobbs Act robbery under 18 U.S.C. §1951, so his argument that Taylor changed the law in such a way as to invalidate his §924(c) conviction has no merit. Taylor concerned *attempted* Hobbs Act robbery. The defendant was not charged with attempted Hobbs Act robbery. He was charged with, and pled guilty to, six *completed* armed bank robberies.

As for the Davis decision, it invalidated the "residual" clause of §924(c)--§924(c)(3)(B), which defined a crime of violence as once that "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committed the offense." But the defendant was not convicted of violating §924(c) because he committed a crime that involved a risk of force. He was convicted of violating §924(c) because he committed an actual crime of violence—he discharged a rifle during an armed bank robbery. Davis does not apply to the defendant, either.

So there has been no "change in the law" that affects the defendant's sentence, which means that even if Judge Clevert had imposed an "unusually

long sentence," the defendant would not be entitled to compassionate release. The defendant is not entitled to a compassionate release sentence reduction. Nor is there any basis for the court to vacate the defendant's §924(c) conviction.

The court understands that the §924(c) conviction is standing in the way of the defendant receiving First Step Act credits. But the court does not have the authority to order the Bureau of Prisons to ignore the First Step Act. The court also understands that the defendant appears to have been working hard to use his time in prison wisely by engaging in programming and trying to better himself. The court strongly commends the defendant for his efforts which, as he says, will better prepare him to be a productive member of the community when he is released. The court encourages the defendant to keep up the good work. But the court does not have the legal authority to grant the defendant's compassionate release motion, because there is no extraordinary and compelling reason—as that term is defined by the statute and the Guidelines—for the court to do so.

The court **DENIES** the defendant's *pro se* motion for compassionate release. Dkt. No. 54.

Dated in Milwaukee, Wisconsin this 15th day of September, 2026.

**BY THE COURT:**



**HON. PAMELA PEPPER**
**Chief United States District Judge**